UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMON SILVA,

                Plaintiff,

v.

BENJAMIN SANDERS, et al.,

                Defendant.

Case No. C19-1090-JCC-BAT

**REPORT AND RECOMMENDATION**

On July 12, 2019, plaintiff filed a deficient 28 U.S.C. § 1983 civil rights complaint against Benjamin Sanders, Susan Densmore, Troy Bacon, Dale Porter, Robert Lofink, Lorenzo Jones, James Sablan, Sulaymon Batchelly, Johnalden Camba, and Chares Callendor. Dkts. 1,5. These defendants are employed at the King County Correctional facility where plaintiff is currently detained. Because plaintiff proceeds *pro se*, the Court granted him leave to file an **amended complaint** by **July 30, 2019,** notifying plaintiff that if he failed to submit an amended complaint by that date curing the deficiencies noted below, the Court would recommend the complaint be dismissed. Dkt. 6.

On July 25, 2019, plaintiff filed an objection to the order granting him leave to file an amended complaint and requested the assigned District Judge review the matter. Dkt. 8. On August 6, 2019, the assigned District Judge overruled the objection and referred the matter back

REPORT AND RECOMMENDATION - 1

to the undersigned. Dkt. 8. Because the July 30, 2019 deadline to file an amended complaint had expired, pending the resolution of plaintiff's objection, the undersigned directed plaintiff to file an amended complaint no later than August 16, 2019, and that if plaintiff failed to do so, the undersigned would recommend the complaint herein be dismissed. As of this date, the Court has received nothing from plaintiff. The Court according recommends that the complaint be **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

As noted in the order granting plaintiff leave to amend his complaint, the Court's records show that since April, 2019, plaintiff has filed two law suits over his diet at the King County jail. The first two law suits alleged that since plaintiff was booked into custody, the jail has denied plaintiff a special religious diet. Like the earlier law suits, the present complaint also alleges a violation over the diet the jail is providing plaintiff. Although the previous complaints did not make mention of it, plaintiff now alleges that since he was booked into the King County Jail on February 16, 2019, defendants have been starving plaintiff by "skipping him on breakfast everyday and shorting his sack lunches daily on at least 5 days a week same days dinner was skipped as well." *Id.* at 5. As a result, plaintiff claims he has lost over 25 pounds since he was booked. *Id*. at 7. In specific, the complaint makes the following allegations regarding the named defendants.

The complaint alleges defendant Bacon was deliberately indifferent to plaintiff's "starvation" because after filing grievances, defendant Bacon met with plaintiff and said there was no record showing plaintiff was 130 pounds on booking and defendant Bacon "took no action despite being aware" of plaintiff's weight loss. *Id*. at 8.

The complaint alleges defendant Sanders, the medical director, was deliberately

REPORT AND RECOMMENDATION - 2

indifferent to plaintiff's medical needs in that plaintiff filed medical grievances addressed to this defendant, *id*. at 9-10, but defendant Sanders provided the state court with an affidavit stating "there was no evidence of starvation" even though plaintiff had lost over 20 pounds since he was booked into the King County jail. *Id.* at 10. Plaintiff contends defendant Sanders failed to treat his medical needs despite knowing plaintiff is "severely underweight." *Id*.

Although the complaint claims a denial of medical care, it also alleges in March 2019, Dr. Wayne Webster "prescribed the plaintiff a medical snack to treat severe weight-loss and malnutrition due to being starved by the officers." *Id*. at 11. The complaint alleges the snacks prescribed by Dr. Webster were provided to plaintiff by jail officers, not medical staff. Plaintiff avers on April 10, 2019 he argued with defendant Susan Densmore "that other inmates receive their treatment for the same condition from nurses but defendant Densmore told the plaintiff "to get it [snacks] from officers." *Id.*  And finally, the complaint alleges defendants Siblan, Sulayman, Batchelliy and Camba violated plaintiff's rights by interfering with his medical treatment. *Id*. at 12.

## DISCUSSION

The Court declined to serve the complaint because it contained deficiencies that, if not addressed, would lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).To sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90

(1989). To state a claim against any individual defendant, plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009) (vicarious liability is inapplicable to a § 1983 suit).

If plaintiff is a pretrial detainee, the Court evaluates his claims under the Fourteenth Amendment and an objective deliberate indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded medical care and other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015), and *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017)).[1] A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." *Kingsley*, 135 S. Ct. at 2473-74. This determination is to be made keeping in mind that "[s]uch considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the

---

[1] Previously, "all conditions of confinement claims, including claims for inadequate medical care, were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment." *Gordon*, 888 F.3d at 1122-23 (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010)). Although the Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims beyond a denial of medical care, failure-to-protect, and to excessive force claims, the decision in *Gordon* strongly suggests it will do so. *See Gordon*, 888 F.3d at 1120, 1124, and 1124 n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)). Hence if plaintiff is post-conviction, the Court would apply the subjective indifference standard.

REPORT AND RECOMMENDATION - 4

record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Bell*, 441 U.S. at 547-48 (internal quotations and citations omitted).

Here plaintiff alleges defendants have denied him proper medical care by failing to provide an adequate diet. However, the complaint does not state facts supporting such a claim against defendant Sanders, the jail medical director, and defendant Densmore, a nurse at the jail. The complaint alleges defendant Sanders failed to treat his medical needs. This is conclusory statement unsupported by any facts and is contradicted by how Dr. Webster, who ostensibly works under or with Dr. Sanders, prescribed plaintiff with medical snacks to treat plaintiff's weight loss. The complaint also fails to set forth any facts establishing defendant Densmore denied plaintiff the medically prescribed snacks. The complaint simply alleges she told plaintiff that she was not dispensing the snack directly to plaintiff and that he had to get the snack from the jail officers.

The complaint also fails to set forth facts that state a claim for relief against defendants Siblan, Sulayman, Batchelliy and Camba. The complaint merely avers these defendants violated plaintiff's rights by interfering with his medical treatment. *Id*. at 12. But this is a conclusory statement; the complaint lacks specific facts that establish what each defendant did, when it occurred, and how each defendant's actions harmed him, the proposed suit against these defendants should be dismissed. As the Supreme Court noted in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" (citations omitted).

And finally, the complaint fails to set forth facts that state a claim for relief against

REPORT AND RECOMMENDATION - 5

defendant Bacon. The complaint alleges this defendant took "took no action despite being aware" of plaintiff's weight loss. But, this is contradicted by how the jail did take action by prescribing medical snacks to plaintiff. The complaint contains nothing indicating defendant Bacon was supposed to do more, was qualified to make a different medical determination, or that he interfered with plaintiff's receipt of the prescribed medical snacks.

Because the complaint plaintiff filed is deficient, the Court granted plaintiff to leave to amend his complaint directing him to sets forth specific facts that establish the specific acts each defendant performed that violated his rights; the date of the alleged acts and the harm plaintiff suffered from each defendant's actions. Plaintiff was directed to file his amended complaint addressing the deficiencies discussed above by **August 1, 2019**, under the same case number as this one, and that his case may dismissed if he failed to do so. The Court granted plaintiff extra time (up to August 16, 2019) in view of the objection plaintiff filed however as of this date plaintiff has not filed anything with the Court. Accordingly, the Court recommends that the complaint in this this case be **DISMISSED** without prejudice

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters judgment in the case. Objections, however, may be filed no later than **September 4, 2019.**  The Clerk should note the matter for **September 6, 2019**, as ready for the District Judge's consideration.  Objections and responses shall not exceed **eight (8) pages**. The failure to timely object may affect the right to appeal.

//

//

REPORT AND RECOMMENDATION - 6

The Clerk shall provide a copy of this order to plaintiff and the assigned District Judge.

DATED this 21st day of August, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7